UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DINA LYNN DODOO,**

                                                      **Plaintiff,**

                               v.                              6:15-CV-612
                                                                                  (FJS)

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

                                                  **Defendant.**
_____

**APPEARANCES**                                 **OF COUNSEL**

**EMPIRE JUSTICE CENTER - ALBANY**      **LOUISE MARIE TARANTINO, ESQ.**
119 Washington Avenue
2nd Floor
Albany, New York 12210
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **DAVID L. BROWN, ESQ.**
**OFFICE OF REGIONAL**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Dina Lynn Dodoo brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("Act"), seeking judicial review of a final decision of the

Commissioner of Social Security (the "Commissioner"), denying her application for benefits. *See generally* Dkt. Nos. 1, 16. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 16, 21.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed an application for supplemental security income ("SSI") on August 24, 2010, alleging disability beginning on March 1, 2005. *See* Administrative Record ("AR") at 119-22, 149. The alleged onset date was then adjusted to the date of Plaintiff's application. *See id.* at 150. The Commissioner denied Plaintiff's application on December 3, 2010. *See id.* at 78-81. Plaintiff timely filed a written request for a hearing, *see id.* at 82-84, which was held on November 1, 2011, before Administrative Law Judge Michelle S. Marcus ("ALJ"). *See id.* at 47-75. Attorney Shubh McTague represented Plaintiff at the hearing. *See id.* at 47.

On December 16, 2011, the ALJ issued a written decision in which she made the following findings "[a]fter careful consideration of the entire record . . . ."

1) Plaintiff had not "engaged in substantial gainful activity since August 24, 2010, the application date."
2) Plaintiff "has had the following severe impairments: a major depressive disorder, depressive disorder, a generalized anxiety disorder, and a panic disorder without agoraphobia."
3) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
4) "After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she is limited to simple, unskilled work in a low-contact work setting."
5) Plaintiff "has no past relevant work."
6) Plaintiff "was born on June 16, 1970 and was 40 years old, which is defined as a younger individual age 18-49, on the date the application was filed."
7) Plaintiff "has a limited education and is able to communicate in English."

8) "Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work."
9) "Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."
10) Plaintiff "has not been under a disability, as defined in the Social Security Act, since August 24, 2010, the date the application was filed."

*See* AR at 34-42 (citations omitted).

The ALJ's decision became the Commissioner's final decision on March 26, 2015, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 1-7. Plaintiff then commenced this action on May 20, 2015, and filed a supporting brief on December 14, 2015. *See* Dkt. Nos. 1, 16. Defendant filed a responsive brief on February 24, 2016. *See* Dkt. No. 21.

In support of her motion, Plaintiff argues generally that the ALJ improperly weighed the medical opinions in the record and improperly assessed her credibility. Additionally, Plaintiff argues that the ALJ erred by relying on the Medical-Vocational guidelines at step five of the disability analysis even though, she argues, she had significant nonexertional impairments. *See generally* Dkt. No. 16, Pl.'s Br.

### III. DISCUSSION

**A. Standard of review**

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). "The substantial evidence standard means once an ALJ finds facts, [a reviewing court may] reject those facts 'only if a reasonable

factfinder would *have to conclude otherwise*.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation and other citation omitted).

To be eligible for benefits, a claimant must show that she suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do her past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, she is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform her past relevant work, the ALJ determines if she can perform other work, in light of her RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then she is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive benefits if she cannot perform any alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

**B. ALJ's credibility finding**

"'It is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses . . . .'" *Cudworth v. Colvin*, 605 F. App'x 77, 78 (2d Cir. 2015) (quotation omitted). When a claimant makes subjective allegations of symptoms limiting her ability to function, the regulations provide that

> [y]our symptoms, such as pain . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present . . . which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 416.929(b); *see also* 20 C.F.R. § 404.1529(b). Accordingly, the Social Security Administration has adopted a two-step standard for assessing a claimant's credibility. *See* Social Security Ruling ("SSR") 96-7P, 1996 WL 374186, *2 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010).

> First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce" the pain alleged. 20 C.F.R. § 404.1529(c)(1); *see* SSR 96-7P. Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii); *Taylor v. Barnhart*, 83 Fed. Appx. 347, 350-51 (2d Cir. 2003) (summary order).

*Meadors*, 370 F. App'x at 183 (footnote omitted).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. She then concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. In so finding, the ALJ reasoned that the record did not support Plaintiff's allegations. *See* AR at 39.

In particular, the ALJ described in detail the ways in which Plaintiff's medical providers largely observed her as presenting with few signs of severe limitation arising from psychological symptoms. *See* AR at 39. The Court's review of the record confirms this to be the case. For example, Plaintiff tended to be compliant with her medications, *see, e.g.*, *id.* at 250-70, which effectively controlled her symptoms, *see, e.g., id.* at 266, 270, 375 ("showing no evidence of psychiatric decompensation"); 312, 371, 379 ("showing good symptom control"); 323-24, 376-77. Along these lines, medical consultant Dr. Brand noted that "counseling notes indicate stability except when [Plaintiff] reports distress regarding multiple social stressors . . . ." *See id.* at 288. Indeed, a strong majority of Plaintiff's counseling records reflect stable mood and congruent affect. *See, e.g.*, *id.* at 309, 311, 313. The ALJ further noted inconsistencies between Plaintiff's subjective allegations and her reported activities of daily living. *See id.* at 39-40. For these reasons, the Court finds that the ALJ applied the correct legal standard and that substantial evidence supports her credibility finding. *See Richardson*, 402 U.S. at 401.

## C. ALJ's weighing of medical opinions

The Commissioner's regulations instruct that

> [g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) . . . . If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence in your case record*, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2) (emphasis added). Thus, treating physician opinions are "'not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record . . . .'" *Petrie v. Astrue*, 412 F. App'x

401, 405 (2d Cir. 2011) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam)). "The report of a consultative physician may constitute such substantial evidence." *Id.* (quoting *Mongeur*, 722 F.2d at 1039). An ALJ may also properly afford less than controlling weight to a treating physician's medical source statement where the "medical source statement conflict[s] with his own treatment notes[.]" *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013).

When affording a treating physician's opinion less than controlling weight, the ALJ "'will always give good reasons'" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)); (citing 20 C.F.R. § 416.927(c)(2)). To that end,

> [t]he factors that must be considered when the treating physician's opinion is not given controlling weight include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist."

*Brickhouse v. Astrue*, 331 F. App'x 875, 877 (2d Cir. 2009) (quoting *Clark v. Commissioner of Social Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)); *see also* 20 C.F.R. § 416.927(c)(1)-(6). Additionally, it is "entirely appropriate for the ALJ to differentiate between those portions of [a doctor's] report based on objective tests and those supported only by Plaintiff's subjective report." *Ford v. Astrue*, No. 1:06-CV-1227, 2010 WL 3825618, *9 (N.D.N.Y. Sept. 24, 2010). Such reports, where based entirely on subjective complaints, "essentially involve[] a credibility assessment[.]" *Id.*

In this case, the ALJ found Dr. Langer's opinion to be "less than persuasive" because "he based his responses on [Plaintiff's] subjective complaints" as opposed to observing Plaintiff's symptoms or other objective criteria. *See* AR at 39. As noted, the ALJ also found Plaintiff's subjective allegations to be less than fully credible, pointing out in her credibility analysis that

many of Plaintiff's subjective complaints—including those which formed the basis for Dr. Langer's opinion—are inconsistent with the majority of Plaintiff's treatment records. *See id.* at 39-40. For this reason, the Court finds that it was not error for the ALJ to afford Dr. Langer's opinion less than controlling weight to the extent that it was inconsistent with his treatment notes and to the extent that his opinion relied on Plaintiff's subjective allegations, which the ALJ found to be not fully credible. *See Cichocki*, 534 F. App'x at 75; *Ford*, 2010 WL 3825618, at *9.

Plaintiff further argues that the ALJ substituted her own judgment for that of medical consultant Dr. Brand by affording Dr. Brand's opinion little weight because it was not consistent with the treatment notes. *See* AR at 40. Dr. Brand opined that Plaintiff generally may have mild and moderate limitations, but that "[s]he has severe difficulty making appropriate decisions, relating adequately with others, and dealing appropriately with stress." *See id.* at 274. In particular, Dr. Brand observed that, although Plaintiff's motor behavior was restless and her mood was dysthymic and anxious, she spoke intelligibly, had coherent and goal directed thought process with no evidence of delusions or paranoia, displayed a full and appropriate range of affect, clear sensorium, and intact concentration and recent and remote memory skills. *See id.* at 273. The Court finds that substantial evidence supports the ALJ finding with respect to Dr. Brand's opinion. *See Cichocki*, 534 F. App'x at 75.

Thus, the Court finds that the ALJ applied the correct legal standards and offered sufficient reasons to support her weighing of the medical opinions. *See Petrie*, 412 F. App'x at 405. Accordingly, the Court declines to disturb the Commissioner's weighing of the conflicting evidence in this case. *Cf. Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

**D. ALJ's reliance on Medical-Vocational Guidelines**

Ordinarily, the Commissioner meets her burden at step five of the disability analysis by applying the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the grids"). *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). However, "application of the grid guidelines and the necessity for expert testimony must be determined on a case-by-case basis." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986). In particular, "if a claimant's nonexertional impairments 'significantly limit the range of work permitted by his exertional limitations' then the grids obviously will not accurately determine disability status because they fail to take into account claimant's nonexertional impairments . . . ."[1] *Id.* (quotation omitted).

Accordingly, "[t]he grid regulations may not be relied upon as the exclusive determinant of disability status if a claimant also suffers from a *significant* non-exertional limitation." *Correale-Englehart v. Astrue*, 687 F. Supp. 2d 396, 439 (S.D.N.Y. 2010) (citation omitted) (emphasis added). A significant nonexertional limitation is one that results in "'additional loss of work capacity . . . that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity.'" *Baldwin v. Astrue*, No. 07 Civ. 6958(RJH)(MHD), 2009 WL 4931363, *27 (S.D.N.Y. Dec. 21, 2009) (quoting *Bapp*, 802 F.2d at 606). "[A]n impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though

---

[1] An exertional limitation is a limitation or restriction imposed by impairments and related symptoms, such as pain, that affect only a claimant's ability to meet the strength demands of jobs (*i.e.,* sitting, standing, walking, lifting, carrying, pushing, and pulling). *See* 20 C.F.R. § 404.1569a(b). "A nonexertional limitation is one imposed by the claimant's impairments that affect her ability to meet the requirements of jobs other than strength demands," such as difficulty maintaining attention or concentrating. *Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y.1997) (citing 20 C.F.R. § 404.1569a(a), (c)).

age, education, and skill level of prior work experience may be considered adverse." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 204.00.

In this case, Plaintiff argues that her nonexertional impairments such as panic attacks, agoraphobia, inability to concentrate, inability to complete tasks in a timely manner, and inability to cope with stress substantially limit her ability to meet the basic mental demands of work. However, the ALJ expressly considered those limitations in her RFC analysis, finding that Plaintiff can perform a full range of work at all exertional levels with the nonexertional limitations of simple, unskilled work in a low-contact work setting. For this reason, the Court finds that the ALJ correctly found that Plaintiff's non-exertional impairments were not "significant" and that, accordingly, the ALJ properly relied upon the Medical-Vocational Rules at step five of the disability analysis. *See Bapp*, 802 F.2d at 605. Accordingly, the Court finds that the substantial evidence in the record supported the ALJ's step five finding. *See Richardson*, 402 U.S. at 401.

Finally, the Court has considered Plaintiff's other arguments and finds them to be without merit. In summary, to the extent that Plaintiff points to evidence in the Administrative Record that reasonably might support a different conclusion in her favor, "whether there is substantial evidence supporting the appellant's view is not the question" on appeal. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013). Accordingly, the Court finds that the ALJ applied the appropriate legal standards and further that there is substantial evidence supporting her findings with respect to Plaintiff's RFC and that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *See Richardson*, 402 U.S. at 401.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 16, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 21, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: May 13, 2016
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge